**The People of the State of Illinois, Defendant in Error, v. John Port Covey, Plaintiff in Error.**

**Gen. No. 5,688.**

1. VAGRANCY—*gambling is not proof of.* In a prosecution under the statute in regard to vagabonds, on a complaint charging defendant with using unlawful games, being a confidence man, neglecting lawful business, frequenting and lounging in gambling and tippling houses, having no lawful means of support and of having been convicted of crimes, the defendant showed that he owned property, supported his family and paid his bills promptly, and that he was a gambler. *Held,* that there being no competent proof of guilt, except that he was a gambler, the statute does not apply.

2. CRIMINAL LAW—*hearsay.* Testimony of a police officer, that defendant made it his business to solicit persons on the street and get them to a gambling house and "skin them up," when he has not personally seen defendant so soliciting, is incompetent.

Error to the Circuit Court of Stephenson county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 12, 1913.

PAUL KERZ, for plaintiff in error.

LOUIS H. BURRELL, for defendant in error.

Mr. Justice Whitney delivered the opinion of the court.

On January 9, 1912, the people filed a complaint before a justice of the peace against John P. Covey, charging that he being an idle and dissolute person did use certain unlawful games and was then and there a confidence man, and did then and there neglect all lawful business and then and there habitually misspent his time and frequented gambling and tippling houses; that on January 27, 1902, and December 17, 1908, he was convicted of crime punishable by imprisonment in state's prison, or a house of correction, and had no lawful means of support and was a person lounging about and being in public gambling houses, and lounging about and being in tippling houses.

He was arrested, tried and convicted by a justice of the peace, and appeal taken to the Circuit Court, and was there again tried and convicted and sentenced to ninety days in the county jail, and pay a fine of $100, and afterwards, on the same day, and at the same term and before court had adjourned for the day, he was returned into court, and so much of the judgment imposing the fine upon him was stricken out, and he was resentenced to serve an imprisonment in the county jail ninety days. He brings the case here by writ of error.

We have examined the evidence with great care. The plaintiff in error is not shown thereby to be a vagabond or vagrant. He is shown thereby to own property. He is shown thereby to support his family and pay his bills promptly. He is shown by the evidence to be a gambler. The complaint did not charge merely that he was a gambler, and if he had been convicted of being a gambler, punishment by imprisonment in the county jail is not allowed therefor.

A police officer did testify that plaintiff in error made it his business to solicit persons on the street, and get them to a gambling house and skin them up, but it turned out this policeman knew nothing about it

except from hearsay. The policeman never say him speak to any person whomsoever on the streets, but some one else told him so, and the persons if any, who knew plaintiff in error solicited business for gaming houses, where the person solicited was to be fleeced, were not called as witnesses. There was not competent proof, except that he was a gambler, and that only by his own confession.

The statute in regard to vagabonds does not apply to this case. If the complaint had been that he was a gambler, he could have been convicted, but this punishment could not have been imposed. Reaching this conclusion renders it unnecessary to consider alleged errors in rulings on evidence and instructions.

Judgment reversed and cause remanded.

*Reversed and remanded.*